Claudia VALENTIN, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 99–71265.

INS No. A73–903–922.

United States Court of Appeals,
Ninth Circuit.

Submitted March 12, 2001.[1]

Decided March 26, 2001.

Before WALLACE, SILVERMAN and
W. FLETCHER, Circuit Judges.

MEMORANDUM [2]

Claudia Valentin ("Petitioner") petitions for review of the final order of deportation entered by the Board of Immigration Appeals ("BIA") on September 1, 1999. Petitioner was served with an order to show cause ("OSC") on December 1, 1995, approximately six years and two months after she entered the United States. At a hearing on March 19, 1997, the Immigration Judge ("IJ") denied Petitioner's application for suspension of deportation because she had failed to meet the continuous physical presence requirement before being served with the OSC and thus was statutorily ineligible for suspension. On appeal, the BIA affirmed.

Petitioner contends that she was eligible for suspension of deportation and challenges the BIA's decision that the "stop-time rule"—a new continuous physical presence requirement set forth in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA")—bars such relief in her case. Moreover, Petitioner contends that the IJ erroneously applied the stop-time rule to her case on March 19, 1997, nearly two weeks before IIRIRA's effective date of April 1, 1997. We agree that the IJ erred in applying the stop-time rule to Petitioner's case before IIRIRA became effective. *Guadalupe–Cruz v. INS,* 240 F.3d 1209 (9th Cir.2001).

---

**1.** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

We therefore grant the petition and remand to the BIA with instructions to remand to the IJ. If Petitioner pursues her suspension application, the IJ, in determining whether Petitioner is eligible for suspension of deportation, shall: (1) apply the law as it existed on March 19, 1997; and (2) consider the current facts and Petitioner's current circumstances. *Id.* We do not consider Petitioner's eligibility, if any, for relief under the class action pending in the district court in accordance with *Barahona–Gomez v. Reno*, 167 F.3d 1228 (9th Cir.1999), *supplemental opinion*, 236 F.3d 1115 (9th Cir.2001). Our resolution of this case does not affect any interim or permanent relief awarded to members of the class certified in *Barahona–Gomez*.

PETITION GRANTED; REVERSED and REMANDED.

---

[1]. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[2]. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.